# IN THE SUPREME COURT OF THE STATE OF NEVADA

LV CAR SERVICE, LLC, A NEVADA
LIMITED LIABILITY COMPANY;
HAGGERTY EQUIPMENT LEASING,
INC., A NEVADA CORPORATION;
COACH FINANCE GROUP, LLC, A
DELAWARE LIMITED LIABILITY
COMPANY; TC NEVADA, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; MICHAEL P. HAGGERTY,
AN INDIVIDUAL; JOHN HAGGERTY,
AN INDIVIDUAL; AND O. FATIMA
REYES, AN INDIVIDUAL,
Appellants,
vs.
AWG AMBASSADOR, LLC, A NEVADA
LIMITED LIABILITY,
Respondent.

No. 72520





APR 2 5 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting a preliminary injunction. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Appellants (collectively, Coach Finance), and respondent AWG Ambassador, LLC (AWG), entered into a loan agreement wherein Coach Finance loaned AWG $215,000 in return for a security interest in 25 of AWG's vehicles.[1] The loan agreement included a forum selection clause, which provides as follows:

---

[1]The parties are familiar with the facts and we do not recount them further except as necessary to our disposition.

18-15763

This Installment Payment Agreement shall be governed by the laws of the State of Minnesota, but without regard to Minnesota's choice-of-law laws. All legal actions arising out of or relating to this Installment Payment Agreement shall be venued (filed and adjudicated) exclusively in a state or federal court located in Rice County, Minnesota, which is the place of [Coach Finance]'s chief executive office and the place at which this Loan will be serviced, [AWG] hereby agrees not to object to such venue, and [AWG] hereby consents to personal jurisdiction in such courts, [the parties] EACH HEREBY WAIVE ITS RESPECTIVE RIGHTS TO A TRIAL BY JURY IN ANY LEGAL ACTION to the extent permitted by law.

The loan agreement also included a provision that mandated AWG to maintain the vehicles in "good operating condition." After informing AWG that it believed the vehicles were not being properly maintained in accordance with the terms of the loan agreement, Coach Finance repossessed 11 of the 25 vehicles against AWG's objection. AWG filed an application for a temporary restraining order and a motion for a preliminary injunction in the district court, requesting that the district court require Coach Finance to return the 11 vehicles. Coach Finance opposed the application for the temporary restraining order and motion for preliminary injunction, arguing, among other things, that the forum selection clause deprived the district court of jurisdiction. The district court granted the preliminary injunction, concluding that the forum selection clause did not apply to AWG's motion for preliminary injunction because AWG was not seeking to enforce the terms of the contract, but instead sought "to enforce its right to protection from self-help repossession under Nevada law, as well as rights under other Nevada statutes."

Whether a forum selection clause applies is a question this court reviews de novo. *Am. First Fed. Credit Union v. Soro*, 131 Nev., Adv. Op. 73, 359 P.3d 105, 106 (2015). We have previously considered the issue of the application of a forum selection clause when tort claims related to a contract are involved in *Tuxedo International, Inc. v. Rosenberg*, 127 Nev. 11, 251 P.3d 690 (2011). In *Tuxedo*, we set forth the proper analysis for the district court to conduct when confronted with this issue:

> [T]he best approach for resolving this issue is one that focuses first on the intent of the parties regarding a forum selection clause's applicability to contract-related tort claims. If that examination does not resolve the question, however, the district court must determine whether resolution of the tort-based claims pleaded by the plaintiff relates to the interpretation of the contract. And if that analysis does not resolve the question, the district court must determine whether the plaintiff's contract-related tort claims involve the same operative facts as a parallel breach of contract claim.

*Id.* at 12, 251 P.3d at 691.

We conclude that this analysis is appropriate in cases seeking provisional injunctive relief. *See MCMC, LLC v. Riccardi*, No. 12-CV-4912 SJF GRB, 2012 WL 5507519, at *2 (E.D.N.Y. Nov. 13, 2012) (determining that an employment agreement's forum selection clause prevented the injunctive relief action from proceeding because it did "not exclude actions for injunctive relief from the forum selection clause").

The district court failed to interpret the forum selection clause under the standard outlined in *Tuxedo*, and we conclude this constitutes reversible error. *See id.* at 26, 251 P.3d at 699. Therefore, we reverse the district court's grant of the preliminary injunction and remand for the

SUPREME COURT
OF
NEVADA

(O) 1947A

3

district court to analyze the forum selection clause under *Tuxedo*.[2] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____Pickering_____, J.
Pickering

_____Gibbons_____, J.
Gibbons

_____Hardesty_____, J.
Hardesty

cc:  Hon. Nancy L. Allf, District Judge
     Lansford W. Levitt, Settlement Judge
     Kolesar & Leatham, Chtd.
     Gordon & Rees Scully Mansukhani LLP
     Reid Rubinstein Bogatz
     Eighth District Court Clerk

---

[2]Because of our disposition in this case, we decline to address the remaining issues discussed by the parties.